UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy Clay Orr, #610735,<br>　　　　　　　　Plaintiff,<br>vs.<br><br>Crayman J. Harvey, *Director*,<br>Mr. Shafer, *Doctor,*<br>Ms. Lewis, *Officer,*<br>　　　　　　　　Defendants. | C/A No.　4:24-4477-DCC-TER<br><br>Report and Recommendation |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr*., 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which

1

relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

On August 22, 2024, Plaintiff was informed via court order of deficiencies in his Complaint that would subject his Complaint to partial summary dismissal and was given an opportunity to

file an Amended Complaint. (ECF No. 6). Plaintiff availed himself of the opportunity and filed an Amended Complaint, but some deficiencies remain. (ECF No. 9).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his claims are under "cruel or unusual punishment." (ECF No. 9 at 4). Plaintiff alleges the event occurred March 23-25, 2022. (ECF No. 9 at 5-6). Plaintiff alleges Defendant Lewis did not give water or food on March 23. Plaintiff was getting weak. The next day Lewis skipped over Plaintiff again. There was no working water in his cell. Plaintiff repeatedly informed Lewis and others of his condition. (ECF No. 9 at 6). On the third day of no water or food, Plaintiff alleges he blacked out while standing and suffered a broken nose due to Lewis not feeding him or providing water for three days. (ECF No. 9 at 7). Plaintiff alleges he bled for an hour on the floor before anyone noticed. Plaintiff alleges he saw Defendant Shafer the next week and Plaintiff told him his nose was clearly out of place; Shafer stated it needed an x-ray, which was not done until three weeks later. (ECF No. 9 at 7). Shafer did not see Plaintiff until two weeks after the x-ray, so Plaintiff alleges his nose healed in the wrong position in the weeks since the original incident. Allegedly, Shafer refused to look at Plaintiff's nose. (ECF No. 9 at 8). Plaintiff requests monetary damages. (ECF No. 9 at 10). Plaintiff's allegations liberally construed are sufficient to withstand summary dismissal as to Defendants Shafer and Lewis, and this same day service and issuance of summons as to these Defendants has been authorized by separate order.

There are no allegations specifically as to Defendant Harvey and Plaintiff makes no allegations that would support the supervisory liability exception. Plaintiff fails to state a claim upon which relief can be granted as to Defendant Harvey and this defendant is subject to summary dismissal.

**RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case. Specifically, it is recommended that Defendant Harvey be summarily dismissed with prejudice[1] and without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Lewis and Shafer.

October 10, 2024  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

---

[1] It is recommended that Defendant Harvey be dismissed without further leave to amend. *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022).

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).